**Opinion issued May 18, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00426-CR

————————————

## JUSTIN WALTERS CORY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 264th District Court**
**Bell County, Texas[1]**
**Trial Court Case No. 77441 (Counts I and II)**

---

**MEMORANDUM OPINION**

---

[1]     The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket equalization authority. *See* Misc. Docket No. 19-9040 (Tex. June 5, 2019); *see also* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases). We are unaware of any conflict between the precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Appellant, Justin Walters Cory, pleaded guilty, without an agreed punishment recommendation from the State, to two "counts" of the felony offense of aggravated sexual assault of a child.[2] The trial court found appellant guilty, assessed his punishment at confinement for twenty years for each "count," to run concurrently, and certified that he had a right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he provided appellant with a copy of the brief and the motion to withdraw. Counsel also advised appellant of his right to review the record and provided him with a complete copy of the appellate record. Counsel further advised appellant of his right to file a pro se response to counsel's

---

[2] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B).

*Anders* brief.[3]  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).  Appellant did not file a pro se response to counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous.  *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).  We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

---

[3]  This Court also notified appellant that his counsel filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and file a response to his counsel's *Anders* brief.  And this Court provided appellant with a form motion to access the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Shulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[4] Attorney E. Alan Bennett must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).